```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
```

| | |
|---|---|
| RAFAEL FLORES,<br><br>     Plaintiff,<br>v.<br><br>ALBERTSONS, LLC,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [9] MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-1321-DN<br><br>Judge David Nuffer |

    Plaintiff Rafael Flores ("Mr. Flores") filed this action against Defendant Albertsons, LLC ("Albertsons"), alleging that Albertsons discriminated against him, in violation of the Americans with Disability Act of 1990 ("ADA").[1] Albertsons has moved for summary judgment on Mr. Flores's discrimination claim, asserting that (1) Mr. Flores was not qualified to perform the essential functions of his job; and (2) Mr. Flores was not subjected to an adverse employment action.[2] Mr. Flores filed an opposition.[3] Albertsons replied.[4]

    Because Mr. Flores has failed to establish a prima facie case of disability discrimination under the ADA, Albertsons's Motion for Summary Judgment is granted.

---

[1] Plaintiff's Complaint, docket no. 2, filed Dec. 29, 2017.

[2] Defendant's Motion for Summary Judgment and Memorandum in Support at 1 ("Motion for Summary Judgment"), docket no. 9, filed July 26, 2018; Appendix of Exhibits for Defendant's Motion for Summary Judgment and Memorandum in Support ("Appendix to Motion"), docket no. 10, filed July 26, 2018.

[3] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Opposition"), docket no. 11, filed Aug. 23, 2018.

[4] Reply Memorandum in Support of Defendant's Motion for Summary Judgment ("Reply"), docket no. 14, filed Sept. 6, 2018.

**Contents**
Statement of Undisputed Facts ........................................................................................... 2
Summary Judgment Standard ............................................................................................ 7
Discussion ........................................................................................................................... 8
     Mr. Flores is not qualified to perform an essential function of his job............................. 8
     Mr. Flores was not subjected to an adverse employment action ..................................... 11
Order………. ..................................................................................................................... 13

## STATEMENT OF UNDISPUTED FACTS[5]

1. Mr. Flores is an employee of Albertsons.[6]

2. In March 1996, Mr. Flores was hired "to work in [Albertsons's] Warehouse in the Salt Lake City Area."[7]

3. During his deposition, Mr. Flores agreed that he is a Warehouse Worker at the Salt Lake City Distribution Center.[8]

4. Warehouse Workers are given various assignments such as fork lift driver, receiver, selector, and pallet-jack operator.[9]

5. During his employment, Mr. Flores received assignments as a selector and fork lift driver.[10]

---

[5] The following Statement of Undisputed Facts is taken from the facts asserted in the parties' briefing. All material facts asserted by the parties for which no dispute was raised or supported are considered undisputed for purposes of summary judgment. FED. R. CIV. P. 56(e)(2).

[6] Motion for Summary Judgment ¶ 1 at 1; Opposition ¶ 1 at v. *See also* Appendix to Motion, Ex. A, Deposition of Rafael Flores ("Flores Depo"), 53:10–17, 85:14–23, docket no. 10–1, filed July 26, 2018.

[7] Plaintiff's Complaint ¶ 9. *See also* Motion for Summary Judgment ¶ 2 at 1; Opposition ¶ 2 at vi; Flores Depo., 42:18-22.

[8] Flores Depo., 71:17–19; *see also id*. 42:20-22.

[9] Motion for Summary Judgment ¶ 5 at 1; Appendix, Ex. B, Declaration of Travis Parke ¶ 5, docket no. 10-2. *See also* Flores Depo. 43:16-18.

[10] Motion for Summary Judgment ¶ 6 at 2; Flores Depo., 18:23-19:8, 43:76:15-24; 78:9-12.

6. On March 9, 2014,[11] Mr. Flores suffered injuries, including injuries to his arm, in a non-work related automobile accident.[12]

7. Due to these injuries, Mr. Flores took a leave of absence from work to recover.[13]

8. Mr. Flores's last day of work for Albertsons was March 5, 2014.[14]

9. Mr. Flores requested and was granted leave under the Family and Medical Leave Act ("FMLA").[15] This leave started March 9, 2014 and continued through June 7, 2014.[16]

10. On July 16, 2014, Albertsons's Human Resources Manager, Mr. Parke, contacted Mr. Flores and discussed Mr. Flores's current FMLA leave and employment status. Mr. Parke told Mr. Flores that he would be sending him a letter, requesting documentation from Mr. Flores's doctor.[17]

11. Mr. Flores was approved for short-term disability benefits from March 9, 2014 through September 6, 2014.[18]

12. Under Albertsons's current leave policies, employees are entitled to 12 weeks of leave within a 12-month period.[19] As of September 7, 2014, Mr. Flores had reached the maximum allowable benefit period under Albertsons's Short-Term Disability Program. At this point, Mr. Flores went on Long-Term Disability.[20]

---

[11] Plaintiff's Complaint ¶ 18.

[12] Motion for Summary Judgment ¶ 7 at 2; Opposition ¶ 7 at x. *See also* Flores Depo., 19:9–18.

[13] Motion for Summary Judgment ¶ 8 at 2; Opposition ¶ 8 at x. *See also* Flores Depo., 71:22–24.

[14] Motion for Summary Judgment ¶ 9 at 2; Opposition ¶ 9 at xi. *See also* Flores Depo., 71:20–21.

[15] *Id.*

[16] Motion for Summary Judgment ¶ 10 at 2. Opposition ¶ 10 at xi. *See also* Appendix, Ex. D, FMLA Approval Letter, docket no. 10-4, filed July 26, 2018.

[17] Motion for Summary Judgment ¶ 13 at 2; Opposition ¶ 13 at xii.

[18] Motion for Summary Judgment ¶ 14 at 3; Opposition ¶ 14 at xii.

[19] Opposition, Ex. 2, FMLA Paperwork, docket no. 11-2.

[20] Motion for Summary Judgment ¶ 15 at 3; Opposition ¶ 15 at xiii.

13. On August 13, 2014, Mr. Flores's doctor, Dr. Walker, completed a Fitness for Duty Certification that stated Mr. Flores could not return to even modified work due to his severe right arm disability.[21]

14. During his time on leave, Mr. Flores spoke with several of his friends who are also employed at Albertsons.[22]

15. Mr. Flores's friends provided him with various forms of gossip relating to Mr. Flores's assignment, and one friend even asked if Mr. Flores would give his assignment to him.[23]

16. Mr. Parke addressed these concerns with Mr. Flores, reminding him that job assignments were not handled that way.[24]

17. Mr. Flores knew that his friends were not speaking on behalf of Albertsons.[25]

18. Mr. Flores admits that Albertsons directly contradicted what his friends had told him.[26]

19. On September 12, 2014, Mr. Flores provided Albertsons a document entitled "Physical/Occupational/Work Conditioning Therapy Prescription and Letter of Medical Necessity" from Dr. Walker of Granger Orthopedics, identifying the areas that needed improvement and the frequency of Mr. Flores's sessions.[27]

---

[21] Motion for Summary Judgment ¶ 16 at 3; Opposition ¶ 16 at xiii.
[22] Motion for Summary Judgment ¶ 17 at 3; Opposition ¶ 17 at xiii–xiv.
[23] Motion for Summary Judgment ¶ 18 at 3; Opposition ¶ 18 at xiv.
[24] Motion for Summary Judgment ¶ 19 at 3; Opposition ¶ 19 at xiv.
[25] Motion for Summary Judgment ¶ 20 at 3; Opposition ¶ 21 at xiv–xv.
[26] Motion for Summary Judgment ¶ 21 at 3; Opposition ¶ 22 at xv. *See also* Flores Depo., 21:20–22:2.
[27] Motion for Summary Judgment ¶ 22 at 4; Opposition ¶ 23 at xvi.

20. At that time, Mr. Flores informed Mr. Parke that he told his doctor he could return to work on October 6, 3014.[28] Mr. Parke told Mr. Flores that if he intended to return to work, he would need to provide a doctor's authorization to return to work noting any restrictions.[29]

21. On September 15, 2014, Mr. Parke sent Dr. Walker a Fitness for Duty Certification to complete, and attached the job description for a Warehouse Worker.[30] The job description for a Warehouse Worker included a section on "skills, physical requirements and working conditions"[31] that encompassed all of the assignments a Warehouse Worker may be asked to perform.[32]

22. Dr. Walker completed the certification form and returned it to Mr. Parke.[33]

23. In the certification form, Dr. Walker indicated that Mr. Flores could return to work with no restrictions.[34]

24. Albertsons requires all newly hired employees and Warehouse Workers, who have been away from their positions for more than six months, to take a Physical Abilities Test prior to starting work.[35]

---

[28] Motion for Summary Judgment ¶ 24 at 4; Opposition ¶ 24 at xvi.

[29] *Id.*

[30] Motion for Summary Judgment ¶ 25 at 4; Opposition ¶ 25 at xvi.

[31] Appendix, Ex. C, Warehouse Worker Job Description, docket no. 10-3, filed July 26, 2018.

[32] *Id.*; Flores Depo., 37:8-39:16, 40:7-10.

[33] Motion for Summary Judgment ¶ 26 at 4; Opposition ¶ 26 at xvi.

[34] Motion for Summary Judgment ¶ 27 at 4; Opposition ¶ 27 at xvii.

[35] Motion for Summary Judgment ¶ 28 at 4; Appendix, Ex. B, Declaration of Travis Parke ¶ 10, docket no. 10-2; Opposition ¶ 28 at xvii. Mr. Flores alleges that only Warehouse Workers performing the assignments of a selector may be required to pass this test. However, Mr. Flores has failed to provide any evidence that this allegation is based upon anything beyond his own personal opinion. FED. R. CIV. P. 56(c)(1). Accordingly, Mr. Flores has failed to dispute this fact. Furthermore, the parties do not dispute that the Warehouse Worker job description, which includes physical requirements, applies to Mr. Flores' position. During Mr. Flores' deposition, he also admitted that "[h]e was required to successfully pass a physical abilities test before returning to work" and that he did not pass the test. Flores depo., 71:14-72:17.

25. Albertsons requires this test to ensure Warehouse Workers can safely perform their job duties and the minimum requirement for passing the test is a score of 100%.[36]

26. Because Mr. Flores has been away from his job for 28 weeks (more than 6 months), he was required to take the Physical Abilities Test prior to returning to work.[37]

27. On September 19, 2014, Mr. Flores took the Physical Abilities Test and did not pass with 100%.[38]

28. Mr. Flores continues to be able to retake the Physical Abilities Test.[39]

29. Mr. Flores informed Mr. Parke that he could not perform all of the duties under all of the assignments for Warehouse Workers—specifically, those of a selector.[40] However, Mr. Flores has not provided Albertsons with a doctor's note stating that he is physically incapable of performing the duties of a selector assignment.[41]

30. Mr. Flores has never informed Albertsons that he is able to return to work as a Warehouse Worker.[42]

31. If Mr. Flores returns to work, he will be given a job assignment based on his medical restrictions or lack thereof, the current needs of the warehouse, and other factors, such as seniority, performance, ability, and attitude.[43]

---

[36] Motion for Summary Judgment ¶ 29 at 4; Opposition ¶ 29 at xviii.

[37] Motion for Summary Judgment ¶ 30 at 5; Opposition ¶ 30 at xviii.

[38] Motion for Summary Judgment ¶ 31 at 5; Opposition ¶ 31 at xix–xx. *See also* Opposition, Ex. 3, Fitness for Duty Certification, docket no. 11-3, filed Aug. 23, 2018.

[39] Motion for Summary Judgment ¶ 32 at 5; Opposition ¶ 32 at xx.

[40] Motion for Summary Judgment ¶ 33 at 5; Opposition ¶ 33 at xxi.

[41] Flores Depo., 33:21-35:23.

[42] Motion for Summary Judgment ¶ 36 at 5; Opposition ¶ 36 at xxiii.

[43] Motion for Summary Judgment ¶ 38 at 5; Opposition ¶ 38 at 1.

32. Mr. Flores claims to have contacted Albertsons's employee hotline and complained of disability discrimination, but Albertsons has no record of any such contact.[44]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[45] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[46] In determining whether there is a genuine dispute as to a material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[47]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[48] However, a party cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts or speculation."[49] Instead, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."[50]

---

[44] Motion for Summary Judgment ¶ 39 at 5; Opposition ¶ 39 at 1.

[45] FED. R. CIV. P. 56(a).

[46] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[47] *Id.*

[48] *Id.* at 670–71.

[49] *Colony Nat'l Ins. Co. v. Omer*, No. CIV 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008) (citing *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); FED. R. CIV. P. 56(e))

[50] FED. R. CIV. P. 56(c)(1).

**DISCUSSION**

"[I]n order to establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate that he '(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability.'"[51] Albertsons's Motion for Summary Judgment focuses solely on the second and third elements.[52] Although not addressed by either party, it is questionable whether Mr. Flores has demonstrated the first element given that the only evidence in the record regarding Mr. Flores' medical condition indicates that he may return to work without restriction. Nonetheless, even assuming that Mr. Flores is a disabled person, he still failed to establish a prima facie case of disability discrimination and summary judgment in favor of Albertsons is appropriate.

**Mr. Flores is not qualified to perform an essential function of his job**

Albertsons argues that Mr. Flores is not qualified to perform an essential function of his job because he is unable to pass the Physical Abilities Test. The plaintiff bears the burden of showing that he is able to perform the essential functions of his job, with or without reasonable accommodation.[53] Essential functions are defined as "'the fundamental job duties of the employment position the individual with a disability holds or desires' but 'not . . . the marginal functions of the position.'"[54] "[A]n employer may require an employee to be able to perform

---

[51] *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037–38 (10th Cir. 2011).

[52] Each of these elements is essential to an ADA claim. *Hennagir v. Utah Dept. of Corrections*, 587 F.3d 1255, 1261-62 (10th Cir. 2009). Therefore, summary judgment is appropriate as long as one element is not met.

[53] *Hennagir*, 587 F.3d at 1262.

[54] *Hawkins v. Schwan's Home Service, Inc.*, 778 F.3d 877, 884 (10th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(1)).

functions that [he] might rarely, or even never, need to perform."[55]

The determination of whether a particular function is essential is a factual inquiry[56] that begins by determining whether the employer actually requires all employees in the particular position to satisfy the alleged job-related requirement.[57] Once that threshold question is decided, the following factors are then considered to determine whether the function is fundamental to the position:

> (i) The employers' judgment as to which functions are essential; (ii) Written job descriptions prepared before advertising or interviewing applicants for the job; (iii) The amount of time spent on the job performing the function; (iv) The consequences of not requiring the incumbent to perform the function; (v) The terms of the collective bargaining agreement; (vi) The work experience of past incumbents in the job; and/or (vii) The current work experience of incumbents in similar jobs.[58]

"This analysis 'is not intended to second guess the employer or to require him to lower company standards . . . . Provided that any necessary job specification is job-related, uniformly enforced, and consistent with business necessity, the employer has a right to establish what a job is and what is required to perform it.'"[59] Although an employer's judgment regarding job functions is not conclusive, it is heavily weighed.[60]

The undisputed facts show that all newly hired employees and Warehouse Workers, who have been away from their positions for more than six months, must take a Physical Abilities

---

[55] *Mielnicki v. Wal-Mart Stores, Inc.*, 738 Fed.Appx. 947, 950 (10th Cir. 2018).

[56] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1191 (10th Cir. 2003). Notably, the essential function inquiry is conducted as of the date that it was imposed on the employee—not the individual's hire date. *Hennagir*, 587 F.3d at 1262. "The ADA does not limit an employer's ability to establish or change the content, nature, or functions of a job." *Id.* (citing *Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1124 (10th Cir. 1995)).

[57] *Hennagir,* 587 F.3d at 1262.

[58] *Id.*

[59] *Hennagir*, 587 F.3d at 1262 (quoting *Davidson*, 337 F.3d at 1191).

[60] *Id*. at 1262.

Test prior to starting work at Albertsons.[61] While Mr. Flores alleges that only Warehouse Workers assigned to selector duties may be required to take the test, he failed to properly support this assertion as required by Rule 56(c). All of the relevant factors also favor finding the Physical Abilities Test to be an essential function of Mr. Flores's job. It is undisputed that the test is essential and required to ensure the safety of Albertsons's workers. The written job description included various physical requirements. Given that a Warehouse Worker may be assigned to perform a variety of duties over the course of his employment, it is reasonable to require all Warehouse Workers, regardless of their current assignment, to have some minimal level of physical performance. Finally, no evidence has been presented that other Warehouse Workers were not required to pass the test to suggest that the work experience of past or current Warehouse Workers have not been required to perform the function.

Having determined that the Physical Abilities Test is an essential job function, the next step is to determine whether the plaintiff is "qualified." "At the summary judgment stage, 'the relevant inquiry in determining whether Plaintiff is 'qualified' is whether he has provided evidence that he can reasonably be accommodated [to perform the essential job function]—which includes reasonable reassignment—sufficient to require submission to a jury."[62] The plaintiff bears the burden of demonstrating the existence of a facially reasonable accommodation.[63] "The idea of accommodation is to enable an employee to perform the essential functions of his job; an employer is not required to accommodate a disabled worker by modifying or eliminating an essential function of the job."[64]

---

[61] Appendix, Ex. B, Declaration of Travis Parke, docket no. 10-2.

[62] *Hennagir*, 587 F.3d at 1264 (citing *Wells v. Shalala,* 228 F.3d 1137, 1144 (10th Cir. 2000)).

[63] *Hennagir*, 587 F.3d at 1264.

[64] *Id*. (citing *Mathews v. Denver Post*, 263 F.3d 1164, 1168-69 (10th Cir. 2001).

Mr. Flores argues that Albertsons failed to reasonably accommodate his inability to pass the Physical Abilities Test by not allowing him to return to the Warehouse and limiting his duties to that of a fork lift driver. All Warehouse Workers are required to pass the Physical Abilities Test regardless of their assignment. Mr. Flores's requested accommodation would have required a waiver of the Physical Abilities Test—an essential function of the job—and modified the function that all Warehouse Workers must be able to perform all Warehouse assignments. Therefore, the request is not reasonable.

Moreover, the last physician's note that Mr. Flores provided to Albertsons indicates that he may return to work without restrictions. Although Mr. Flores argues that his physician misunderstood his job requirements, Albertsons directly provided Mr. Flores's physician with the job description for Warehouse Workers identifying the physical requirements. Mr. Flores has been free to correct his physician's misunderstanding and to produce a new note identifying any restrictions for Albertsons to consider; but, Mr. Flores has failed to do so. Therefore, a prima facie showing of the second element of disability discrimination has not been established.

### Mr. Flores was not subjected to an adverse employment action

Although it is sufficient to grant summary judgment on the second element alone, Albertsons also argues that Mr. Flores has failed to establish that he was discriminated against because he has not been subjected to an adverse employment action. Under the third element to establish a prima facie case of discrimination, a plaintiff must show that he suffered discrimination by an employer because of his disability.[65] "To demonstrate discrimination, a plaintiff must show that he has suffered an 'adverse employment action because of his

---

[65] *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037–38 (10th Cir. 2011).

disability.'"[66] The determination of whether an adverse employment action exists is evaluated on a "case-by-case approach, examining the unique factors relevant to the situation at hand."[67] "In general, '[o]nly acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action."[68] The alleged adverse action must cause more than a "*de minimis* harm" to or a "*de minimis* impact" upon an employee's job opportunities or status.[69]

Here, Mr. Flores has failed to demonstrate that he suffered an adverse employment action. Mr. Flores remains employed by Albertsons and his status as a Warehouse Worker at Albertsons has not changed.[70] He is able to return to work once he demonstrates that he is qualified to perform an essential job function by passing the Physical Abilities Test. Mr. Flores has not been denied the ability to retake the Physical Abilities Test or to provide additional medical documentation that supports any restrictions on his return to work. Overall, Mr. Flores's arguments are insufficient to support a discrimination claim and summary judgment is warranted.

---

[66] *Id.* at 1038 (quoting *Matthews v. Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001)).

[67] *Id.* at 1040 (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004)).

[68] *Id.* (quoting *Haynes v. Level 3 Commc'ns, LLC,* 456 F.3d 1215, 1222 (10th Cir. 2006)).

[69] *Id.* (quoting *Hillig*, 382 F.3d at 1033).

[70] Motion for Summary Judgment at 6.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Albertsons's Motion for Summary Judgment[71] is GRANTED. Mr. Flores's Complaint[72] is dismissed with prejudice. A civil judgment will be entered in favor of Albertson.

The clerk of the court is directed to close the case.

Dated December 13, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[71] Docket no. 9.

[72] Docket no. 2.